JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

LARA M. KROOP (CABN 239512)
Lara.Kroop2@usdoj.gov
Special Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7129
FAX: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ALEJANDRO TOSCANO-VASQUEZ, <br> Defendant. | No. CR 08-0220 MMC <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Date: July 23, 2008 <br> Time: 2:30 p.m. <br> Courtroom: 7, 19th Floor <br> Hon. Maxine M. Chesney |

## I. INTRODUCTION

On April 16, 2008, Defendant Alejandro Toscano-Vasquez pled guilty to the above-captioned indictment, a violation of 8 U.S.C. § 1326, Illegal Reentry after Deportation. This Court has set July 23, 2008, at 2:30 p.m. as the date for judgment and sentencing. The government submits the following sentencing memorandum in order to advise the Court of the government's sentencing guideline calculations and its sentencing recommendation.

## II. STATEMENT OF FACTS

Defendant was deported from the United States on August 25, 2007 following his

UNITED STATES' SENTENCING MEMORANDUM
CR 08-0220 MMC

sentencing for two felony convictions. Defendant subsequently reentered the United States in December 2007 on foot. On January 2, 2008, Defendant was arrested and sentenced seven days later for committing two felonies. On January 3, 2008, Defendant came to the attention of Immigration and Customs Enforcement officers ("ICE") pursuant to his incarceration in San Mateo County jail. Following his release from jail, on March 20, 2008, ICE officers interviewed Defendant. Defendant provided a sworn statement to ICE officers in which he admitted that he was an alien, he had previously been deported and he had illegally reentered the United States.

### III. ARGUMENT

As this Court is well aware, the United States Sentencing Guidelines ("the Guidelines") are no longer binding after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Instead, this Court is to consider the Guidelines along with the other factors set forth in Title 18, United States Code, Section 3553(a) to impose a sentence that is sufficient but no more than necessary to achieve the objectives of sentencing. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (citing 18 U.S.C. § 3553(a)(1) and (a)(2)).

At sentencing the Court must begin by determining the applicable Guidelines range because the Guidelines are the "starting point and the initial benchmark" for determining an appropriate sentence. *United States v. Gall*, 128 S.Ct. 586, 596 (U.S. 2007); *United States v. Kimbrough*, 128 S.Ct. 558, 574 (U.S. 2007) (reiterating that the Guidelines are the starting point and citing *Gall*). The Court should then consider the factors in § 3553(a) as part of its analysis of the parties' proposed sentences. *Gall*, 128 S.Ct. at 596-597 n.6; 18 U.S.C. § 3553(a)(1)-(7).

A. <u>Guidelines Range</u>

The United States agrees with the United States Probation Officer that the adjusted offense level for Defendant is 10; the Criminal History Category is III; and the resulting sentencing range under the Guidelines is 10-16 months. The United States, in agreement with the United States Probation Officer, recommends a low-end sentence of 10 months. This recommendation is reasonable and appropriate and Defendant is not entitled to any departure from the Guidelines range. Although the Court is not bound to impose a Guidelines sentence,

the United States contends that a within-Guidelines sentence is consistent with sentences imposed for similarly situated defendants; would prevent disparity in sentencing; and properly accounts for Defendant's criminal conduct and the factors in § 3553(a).

  B. <u>3553(a) Factors</u>

    1. <u>Nature and Circumstances of the Offense and History and Characteristics of the Defendant</u>

Defendant committed the current offense of illegal reentry while still under a criminal sentence imposed on him in August 2007. Defendant had been convicted of two felonies on August 16, 2007. He was then deported from the United States on August 25, 2007. By his own admission, he returned to the United States illegally in December 2007. On January 9, 2008, less than a month after returning to the United States, Defendant was convicted of two more felonies. Defendant has amassed a significant criminal history in a five month period–between August 2007 and January 2008. The current offense alone is a felony with substantial consequences. However, of additional concern here is the fact that Defendant committed four felonies, not including the current crime of illegal reentry, within a five month period. Defendant has started down a path of repetitive criminal conduct. In recommending a sentence of 10 months in custody, the United States has considered the nature and circumstances of this offense and the history and characteristics of Defendant.

    2. <u>The Need for the Sentence Imposed</u>

As discussed above, Defendant's conduct demonstrates a current and repetitive lack of respect for the law. Defendant committed four felonies in five months and during that same five month period he reentered the United States illegally following deportation. In this case, the United States concurs with the United States Probation Officer that a 10 month sentence is appropriate to punish Defendant for the current offense, and to impress upon him that there are serious consequences to violating the law. A sentence of this length appropriately reflects the seriousness of his current offense and the gravity of his recidivist behavior. Additionally, given the recency of Defendant's repetitive criminal conduct, a 10 month sentence is appropriate. Therefore the imposition of a low-end sentence of 10 months is sufficient, but not longer than

UNITED STATES' SENTENCING MEMORANDUM
CR 08-0220 MMC

necessary, to achieve the objectives of sentencing.

## IV.  CONCLUSION

For the reasons set forth above, the United States joins the United States Probation Officer and recommends a sentence of 10 months in custody followed by three years of supervised release.

DATED: July 15, 2008

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
LARA M. KROOP
Special Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 08-0220 MMC